ADVENTURES UNLIMITED, INC.; Cherokee Rafting Service, Inc.; Eagle Adventure Co., Inc.; High Country Adventures, Inc.; Nantahala Outdoor Center, Inc.; the Ocoee Adventure Company, L.L.C.; Ocoee Inn Rafting, Inc.; Ocoee Outdoors, Inc.; Ocoee Rafting, L.L.C.; Outdoor Adventures of Tennessee, Inc.; Outland Expeditions, Inc.; Quest Expeditions, Inc.; Southeastern Expeditions, Inc.; Sunburst Adventures, Inc.; USA Raft, Inc.; Whitewater Express, Inc.; Wildwater, Ltd., Inc.; and Pigeon River Outdoors, Inc., Plaintiffs,

v.

Chester G. CHRISMAN; and Hames Trucking, Inc., Defendants and Third–Party Plaintiffs,

v.

Robert C. PATTON, Jr. d/b/a Brewer's Wrecker Service, Third–Party Defendant.

No. 1:02–CV–052.

United States District Court, E.D. Tennessee.

April 18, 2002.

George H Nolan, Boult, Cummings, Conners & Berry, Nashville, TN, for Adventures Unlimited, Inc., Cherokee Rafting Service, Inc., Eagle Adventure Co, Eagle Adventure Company, Inc., High Country Adventures, Inc., Nantahala Outdoor Center, Inc., the Ocoee Adventure Company, L.L.C., Ocoee Inn Rafting, Inc., Ocoee Outdoors Inc, Ocoee Rafting LLC, Outdoor Adventures of Tennessee, Inc., Outland Expeditions, Inc., Quest Expeditions, Inc., Southeastern Expeditions, Inc., Sunburst Adventures, Inc., USA Raft Inc, Whitewater Express, Whitewater Express, Inc., Wildwater Ltd Inc, Pigeon River Outdoors, Inc., plaintiffs.

K Stephen Powers, Witt, Gaither & Whitaker, P.C., Chattanooga, TN, for Chester G Chrisman, Hames Trucking Inc, defendants.

David W. Noblit, Leitner, Williams, Dooley and Napolitan, PLLC, Chattanooga, TN, for Robert C. Patton, Jr., third-party defendant.

## MEMORANDUM

EDGAR, Chief Judge.

Before the Court is plaintiffs' motion [Court File No. 5] to remand this case to

state court. Plaintiffs are various enterprises that take people on white-water rafting trips down the Ocoee River in Polk County, Tennessee. They filed suit in the Circuit Court of Polk County alleging that defendants (a trucking company and its truck driver) were negligent in various ways and that their negligence resulted in defendants dumping a truckload of raw chicken meat into a then-dry Ocoee River bed from U.S. Highway 64. Plaintiffs allege they suffered economic damages when they were unable to take people on rafting trips because the chicken wreck prevented the Tennessee Valley Authority, which controls an upstream dam, from discharging water from the dam into the river bed on September 8, 2001. Defendants filed a notice of removal under 28 U.S.C. § 1446. The notice of removal asserted "federal question and admiralty or maritime jurisdiction."

Plaintiffs contend that the notice of removal fails to comply with 28 U.S.C. § 1446(a) because it does not contain "a short and plain statement of the grounds for removal." However, the notice and accompanying pleadings establish facts that are relied upon for removal. This is sufficient for compliance with § 1446(a). In 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3733, it is said that:

> Although it has been said that the requirement of this jurisdictional statement [in the notice of removal] is a "strict one," and that a "mere conclusion" is insufficient, the better rule is that detailed grounds for removal need not be set forth in the notice. Rather it should be sufficient if the court is provided the facts from which removal jurisdiction can be determined. Thus, the same liberal rules employed in testing the sufficiency of a pleading should apply to appraising the sufficiency of a defendant's notice of removal. This liberality of application seems particularly sensible since in most instances the district court can ascertain easily whether the particular state court case is removable under the governing removal and original subject matter jurisdiction statutes.

This Court elects to follow the "better rule."

The primary issue is whether the Court has original subject matter jurisdiction. Further refined, the issue is whether this Court has admiralty or maritime jurisdiction under 28 U.S.C. § 1333, as the record does not contain facts to support any other type of federal jurisdiction. For the following reasons, the Court finds that it does not have jurisdiction over this case.

■ The authority of this Court over admiralty cases flows from the United States Constitution. *See Grubart, Inc. v. Great L.D. & D. Co.*, 513 U.S. 527, 531, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995); U.S. CONST. art. III, § 2. Congress memorialized that power in 28 U.S.C. § 1333(1), which grants federal district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." To invoke admiralty jurisdiction, a party must meet both the "location" and "connection" tests. The location test is met when a tort occurs on navigable water or when an injury on land is caused by a vessel on navigable waters. The connection test is met only where "the wrong bear[s] a significant relationship to traditional maritime activity." *Grubart*, 513 U.S. at 533, 115 S.Ct. 1043 (quoting *Executive Jet Aviation, Inc. v. Cleveland*, 409 U.S. 249, 260, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972)).

■ In the present case, defendants cannot establish a significant relationship to traditional maritime activity. The connection test involves a two-part inquiry. *Grubart*, 513 U.S. at 534, 115 S.Ct. 1043;

**874**

*Ayers v. United States,* 277 F.3d 821, 826 (6th Cir.2002). First, the Court must evaluate the "general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce." *Ayers,* 277 F.3d at 826 (citing *Grubart,* 513 U.S. at 534, 115 S.Ct. 1043). Then the Court must "determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Grubart,* 513 U.S. at 534, 115 S.Ct. 1043 (quoting *Sisson v. Ruby,* 497 U.S. 358, 364, 365, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990)); *see also Ayers,* 277 F.3d at 826, 828.

The general features of the present case involve a highway truck accident. That vehicular accident unfortunately led to the dumping of chickens into a river. That dumping of chickens may have a slight disruptive effect on maritime commerce—such as plaintiffs being unable to lead rafting trips on one day. However, defendants cannot demonstrate that a highway accident is substantially related to traditional maritime activity. The defendants were not engaged in any activity over or related to navigable waters. Their business is not related to navigable waters but is performed entirely over land. The normal performance of the defendant's business has no connection to maritime activity. This case is similar to *Executive Jet Aviation,* 409 U.S. at 270, 93 S.Ct. 493 where the Supreme Court found that "neither the fact that a plane goes down on navigable waters nor the fact that the negligence 'occurs' while a plane is flying over such waters" creates a "substantial relation to traditional maritime activity." This case must be remanded.

An order shall enter.

### *ORDER*

For the reasons expressed in the accompanying memorandum, it is hereby OR-DERED that plaintiffs' motion to remand [Court File No. 5] is **GRANTED.** This case shall be **REMANDED** to the Circuit Court of Polk County, Tennessee.